IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN A. RIVERO and TINA RIVERO, his wife<br>       Plaintiffs,<br><br>    v.<br><br>HUMANE SOCIETY OF FAYETTE COUNTY, WILLIAM MARAUGHA, individually, as Dog Control Officer for North Union Township and as an agent of the Humane Society of Fayette County; THERESA LINDEN, both individually and as an agent of the Humane Society of Fayette County; RICHARD HUEY, both individually and as an agent of the Humane Society of Fayette County; JOHN DOE, individually and as an agent of the Humane Society of Fayette County; and North Union Township,<br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 08-793 |

MEMORANDUM and ORDER

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiffs, Juan A. Rivero and Tina Rivero, his wife, allege that defendants Humane Society of Fayette County ("Humane Society"), Humane Society agents William Maraugha, Theresa Linden, Richard Huey, an unidentified Humane Society agent and North Union Township unlawfully removed their dog. Plaintiffs allege that defendants' actions violated their constitutional

rights. Plaintiffs have also alleged a number of state law claims. Before the court is defendant North Union Township's partial motion to dismiss, [Doc. No. 6]. For the reasons set forth below, the motion will be granted. Plaintiffs will be given leave, however, to file an amended complaint within twenty (20) days.

I.   BACKGROUND

Solely for the purposes of evaluating this motion, we have taken the facts alleged in the complaint as true.

Plaintiffs Juan and Tina Rivero are residents of Fayette County, Pennsylvania. Defendant Humane Society is a non-profit organization incorporated by the laws of the Commonwealth of Pennsylvania. The Humane Society is authorized to enforce Pennsylvania law governing criminal cruelty to animals pursuant to 18 Pa.C.S.A. § 5511. By resolution, the North Union Township Board of Supervisors appointed defendant Humane Society to enforce the dog control laws and ordinances of North Union Township.

Plaintiffs own four (4) dogs and a number of cats. On March 15, 2008, plaintiff Juan Rivero was in his home when he heard his dogs barking. Defendant Maraugha and an unidentified Humane Society agent were looking over a fence into the dogs' enclosure. Plaintiff Juan Rivero went outside to ask the defendants why they were on his property. Defendants advised Mr. Rivero that "they were dog control officers for North Union Township and agents of the Humane Society of Fayette County" and they were investigating

a report of a dead dog. [Plaintiff's Complaint, Doc. No. 1, at paragraph 26]. Mr. Rivero told defendants that none of his dogs were dead. Defendants Mauraugha and the unidentified agent advised Mr. Rivero that they "had to take the skinny dog." [Plaintiff's Complaint, Doc. No. 1, at paragraph 29]. Defendants were referring to plaintiffs' dog Zeus, a nine (9) year old Great Dane.

According to plaintiffs, Mr. Rivero asked the agents why they were taking the dog. Mr. Rivero further asked the agents to permit him to take the dog to the family's veterinarian. These requests were refused. Plaintiffs allege that the agents then threatened to file charges against them, and threatened to take all of the dogs. Plaintiffs further allege that Mr. Rivero was presented with a form, which he neither read nor understood, and forced to sign the form under duress. Mr. Rivero believed the form would allow defendants to take the dog to a veterinarian. Instead, the dog was taken to the Humane Society.

Mrs. Rivero went to the Humane Society and attempted to reclaim the dog. Plaintiffs allege that she was ridiculed and subject to verbal abuse by Defendants Mauraugha and Linden. Plaintiffs further allege that defendant Richard Huey knew that the dog was unlawfully taken from plaintiffs. Plaintiffs contend that defendant Huey conspired with the other defendants to unlawfully deprive plaintiffs of their dog. Plaintiffs also claim that defendant Linden came to Mrs. Rivero's place of work and defamed

her.

Plaintiffs have filed suit pursuant to 42 U.S.C. § 1983 alleging that defendants' actions violated their rights guaranteed by the First and Fourth amendments to the United States Constitution. Plaintiffs also assert claims of replevin, theft, defamation, invasion of privacy and civil conspiracy against defendants. Defendant North Union Township has filed a motion to dismiss. [doc. No. 6]. Defendant North Union Township argues that plaintiffs have failed to allege facts sufficient to state a claim against it for violations of either Section 1983 or state law. For the reasons set forth below, the court agrees. Plaintiffs will, however, be given leave to amend their complaint.

II.  STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the...claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of

4

an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. _Twombly_, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. _Phillips v. County of Allegheny, et al._, 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. _Twombly_, 127 S.Ct. at 1965; _Phillips_, 515 F.3d at 231; _Rowinski v. Salomon Smith Barney Inc._, 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. _Twombly_, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. _Id_. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. _Id_. at 1969 n.8.

If a complaint is subject to a Rule 12(b)(6) dismissal,

we must permit a curative amendment unless the amendment would be inequitable or futile. <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). We must provide an opportunity to amend even if the plaintiff has not sought leave to amend. <u>Id</u>.

III. <u>DISCUSSION</u>

Defendant North Union Township argues that plaintiffs have failed to allege sufficient facts to state a claim for violation of Section 1983 against them. Further, defendant North Union Township argues that plaintiffs cannot state a claim against them pursuant to Pennsylvania law. Specifically, North Union Township argues that plaintiffs have failed to allege, and cannot prove, that North Union Township had any knowledge of, or involvement in, the seizure of plaintiffs' dog.

In order to recover in a section 1983 action, plaintiffs must prove two essential elements: 1) defendants deprived plaintiffs of a right secured by the Constitution or laws of the United States; and 2) defendants deprived plaintiffs of this federal right under color of any statute, ordinance, regulation, custom, or usage of any state or territory. <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 150 (1970). Section 1983 does not create substantive rights. It only allows plaintiffs to recover damages for violations of rights protected by other federal laws or by the United States Constitution. <u>Wilson v. Garcia</u>, 471 U.S. 261, 278 (1985).

In _Monell v. Dep't of Social Servs._, 436 U.S. 658 (1978), the Supreme Court held that municipalities and other bodies of local government are "persons" within the meaning of this statute. _Id_. at 690. A municipality may, therefore, be sued within the meaning of this statute, if it is alleged to have caused a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." _Id_.

The Court pointed out that section 1983 also authorizes suit "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." _Id_. at 690-91. At the same time, the Court rejected the use of the doctrine of _respondeat superior_ and concluded that municipalities could be held liable only when an injury was inflicted by execution of a government's policy or custom made by "lawmakers or by those whose edicts or acts may fairly be said to represent official policy." _Id_. at 694. Thus, the official policy of the local government must be "the moving force of the constitutional violation." _Id_. In short, a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of _respondeat superior_. _Parratt v. Taylor_, 451 U.S. 527, 537 n.3 (1981), _overruled on other grounds by_, _Daniels v. Williams_; _Hampton_

v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976).
Personal involvement can be shown through allegations of personal
direction or of actual knowledge and acquiescence.   Rode v.
Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiffs contend that defendants actions violated
their rights guaranteed by the First and Fourth amendments to the
United States Constitution.   Plaintiffs further allege that
defendants' conduct violated Pennsylvania law.   It is undisputed
that plaintiffs' dog is "property" protected by the Constitution.
Snead v. Society for Prevention of Cruelty to Animals, 929 A.2d
1169, 1181 (Pa. Super. 2007).

Defendant North Union Township argues, however, that
plaintiffs have failed to allege facts sufficient to establish that
it had any knowledge of, or role in, the seizure of plaintiffs'
dog.   The court agrees.

Plaintiffs have summarily alleged that the "Fayette
County Humane Society and North Union Township has (sic)
encouraged, tolerated, ratified, and has (sic) been deliberately
indifferent to ... patterns, practices, and customs, and to the
need for more or different training, supervision, investigation, or
discipline ..." [Plaintiff's Complaint, Doc. No. 1, at paragraph
61].   Plaintiffs further allege that North Union Township has "a
custom, practice or policy of allowing its dog control officers" to
take dogs without legal justification.   Id. at paragraph 62.

Plaintiffs also contend that "North Union Township has failed to adequately supervise, train, and discipline the Humane Society ..." Id. at paragraph 64. These allegations do not, by themselves, state a claim against defendant North Union Township for violating plaintiffs constitutional rights. Defendant North Union Township's motion to dismiss plaintiffs' Section 1983 claims will, therefore, be granted, without prejudice to plaintiffs' right to file an amended complaint within twenty (20) days.

Defendant North Union Township also seeks dismissal of plaintiffs state law claims for replevin, theft, invasion of privacy, defamation and civil conspiracy. Defendant argues that plaintiffs have asserted these claims against North Union Township in the absence of any factual allegations regarding North Union Township's involvement in the removal of their dog. Defendant further contends that plaintiffs have failed to provide any factual support for their allegations of defamation against North Union Township. The court agrees. Plaintiffs state law claims against North Union Township will also be dismissed, without prejudice to plaintiffs right to file an amended complaint within twenty (20) days.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUAN A. RIVERO and TINA          )
RIVERO, his wife                 )
            Plaintiffs,          )
                                 )
        v.                       )
                                 )
HUMANE SOCIETY OF                )
FAYETTE COUNTY, WILLIAM          )
MARAUGHA, individually, as       )
Dog Control Officer for          )
North Union Township and as      )
an agent of the Humane           )
Society of Fayette County;       )
THERESA LINDEN, both             )   Civil Action No. 08-793
individually and as an           )
agent of the Humane Society      )
of Fayette County; RICHARD       )
HUEY, both individually and      )
as an agent of the Humane        )
Society of Fayette County;       )
JOHN DOE, individually and       )
as an agent of the Humane        )
Society of Fayette County;       )
and North Union Township,        )
            Defendants.          )

<u>ORDER</u>

AND NOW, this 31st day of December, 2008, IT IS HEREBY

ORDERED that defendants North Union Township's motion to dismiss

plaintiffs' complaint [Doc. No. 6] is GRANTED, without prejudice to

plaintiffs' right to file an amended complaint within twenty (20)

days.

BY THE COURT:

_____ J.

cc:     All Counsel of Record